UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IRA WIENER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| CHRISTOPHER DEAGAZIO, ESQ. ) | |
| & Law Offices of Christopher R. ) | |
| DeAgazio, PC ) | |
| ) | |
| Defendants ) | |

## **PARTIES**

1. Ira Wiener is an individual residing in New York, New York, and a previous client of Attorney Christopher R. DeAgazio and the Law Offices of Christopher R. DeAgazio, PC.

2. Christopher DeAgazio ("Attorney DeAgazio"), is an attorney licensed to practice law in the State of Massachusetts, and a principal in the law firm of Law Offices of Christopher R. DeAgazio, PC.

3. Defendant, Law Offices of Christopher R. DeAgazio, PC ("Defendant Law Firm"), is a professional corporation, created and authorized pursuant to the laws of the State of Massachusetts, with a principal office at 8 Cedar Street, Suite 145, in Woburn, Massachusetts.

4. Attorney DeAgazio was, at all times material to this Complaint, an owner and employee of Defendant Law Offices of Christopher R. DeAgazio, PC.

## **JURISDICTION**

5. This Court has jurisdiction under 28 U.S.C. 1332 because the matter in controversy exceeds $75,000 and the Plaintiff is the citizen of a different state than the Defendants.

6. The acts at the basis of this Complaint occurred in Merrimack, New Hampshire. Therefore, venue in this Court is proper pursuant to 28 USC 1391 (b) (2).

## **STATEMENT OF FACTS**

7. At all times relevant, John Hyslip ("Mr. Hyslip") was the manager of Merrimack SPS, LLC.

8. In 2010, Plaintiff sought to purchase the membership interests of Merrimack SPS, LLC.

9. During this time, Merrimack SPS, LLC, owned property located at 421 Daniel Webster Highway, in Merrimack, New Hampshire ("the subject property").

10. On November 1, 2010, Plaintiff entered into a purchase agreement with Merrimack SPS, LLC, which included purchase of the subject property.

11. During this acquisition, Plaintiff retained Attorney DeAgazio, of the Law Offices of Christopher R. DeAgazio, PC, to represent his interests in this purchase agreement.

12. The terms of the November 1, 2010, purchase agreement designated Defendant Law Firm as the Escrow Holder for the purchase.

13. The purchase agreement was signed by Plaintiff and Mr. Hyslip.

14. The Purchase Closing Statement illustrates Plaintiff paid legal fees to Attorney DeAgazio.

15. The Purchase Closing Statement also illustrates Mr. Hyslip paid legal fees to Attorney DeAgazio.

16. As such, during the November 1, 2010, purchase, Attorney DeAgazio engaged in dual representation of Plaintiff and Mr. Hyslip.

17. Following the November 1, 2010, purchase, Plaintiff and Mr. Hyslip have become involved in a dispute over a lease of the subject property.

18. Mr. Hyslip has retained Attorney DeAgazio, of the Law Offices of Christopher R. DeAgazio, PC, to represent him in this dispute.

19. Mr. Hyslip's interests in this dispute are adverse to Plaintiff.

20. Attorney DeAgazio never received Plaintiff's informed consent to represent a party with adverse interests to Plaintiff.

21. Without obtaining informed consent from Plaintiff, who is Attorney DeAgazio's previous client, Attorney DeAgazio violated the applicable duties of care.

22. Furthermore, upon information and belief, Attorney DeAgazio has, at no time, been authorized to practice law in the State of New Hampshire.

## COUNT I: LEGAL MALPRACTICE
**Against Attorney DeAgazio**

23. Plaintiff incorporates the allegations set forth above as if fully restated.

24. Plaintiff entered into an attorney-client relationship with the defendants to be provided with legal representation during Plaintiff's acquisition of the membership interests Merrimack SPS, LLC.

25. Under said attorney-client relationship, Defendant DeAgazio owed Plaintiff a duty of loyalty, professionalism, diligence, skill, competence, and reasonable care.

26. Defendant DeAgazio breached the duty of loyalty, professionalism, diligence, skill, competence, and reasonable care by engaging in dual-representation of parties with competing interests during the November 1, 2010, purchase, and by later failing to recognize a conflict existed, by failing to request Plaintiff to waive this conflict, and by representing a party with interests adverse to Plaintiff.

27. As a direct and proximate result of the aforementioned acts or omissions by Attorney DeAgazio, the plaintiff has suffered severe and significant financial losses, aggravation, emotional upset, distress, and other economic damages, as a proximate and foreseeable result of the defendant's failure to render competent legal services.

## COUNT II: *Respondeat Superior*
### Against Defendant Law Firm

28. Plaintiff incorporates the allegations set forth above as if fully restated.

29. Defendant Law Firm employed Attorney DeAgazio, who was acting within the scope of his employment when he undertook to represent the plaintiff's interests in the business acquisition of Merrimack SPS, LLC, and when he undertook to represent Mr. Hyslip's interests, which were adverse to Plaintiff's, and without first obtaining Plaintiff's informed consent.

30. Consequently, Defendant Law Firm is liable to the plaintiff, under the doctrine of *respondeat superior*, for Attorney DeAgazio's failure to render competent legal services, and the resulting injuries to the plaintiff, in an amount within the jurisdictional limits of this Court.

**WHEREFORE**, the Plaintiff, Ira Wiener, respectfully requests that the Court:

A. Enter judgment against the Defendant Christopher DeAgazio;

B. Enter judgment against the Defendant Law Offices of Christopher R. DeAgazio, PC;

C. Award Plaintiffs all the damages to which they are entitled; and

D. Grant such further relief as it deems just and equitable.

Plaintiffs demand a Jury Trial.

Dated at Dover, New Hampshire this 22nd    day of March 2021.

                                              Respectfully Submitted,

Dated:                                  /s/ Lawrence A. Vogelman
                                              Lawrence A. Vogelman (NH Bar #10280)
                                              353 Central Avenue, Suite 200
                                              P.O. Box 977
                                              Dover, NH 03821
                                              Phone:  603-749-5000
                                              Email:  LVogelman@shaheengordon.com


                                              /s/ Danielle L. Pomeroy
                                              Lawrence A. Vogelman (NH Bar # 272948)
                                              353 Central Avenue, Suite 200
                                              P.O. Box 977
                                              Dover, NH 03821
                                              Phone:  603-749-5000
                                              Email:  dpomeroy@shaheengordon.com